UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JOSEPH GARY BLACK, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:10-cv-175-JAW |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant | ) | |

## REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff capable of returning to past relevant work as a flagger or, alternatively, performing work existing in significant numbers in the national economy. I recommend that the decision of the commissioner be affirmed.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had severe impairments of degenerative disc disease, obesity, cognitive disorder, mood disorder, anxiety disorder/attention deficit, and personality disorder, Finding 2, Record at 22; that he did not have an impairment or combination of impairments that met or medically equaled the criteria of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. § 404 (the "Listings"), Finding 3, *id*. at 24; that he had the residual functional capacity ("RFC") to perform the full range of light

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 15, 2011, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

1

exertional work as defined in 20 C.F.R. § 416.967(b), except that in regard to nonexertional capacities, his work needed to be limited to unskilled, routine, repetitive tasks with consistency of tasks from day to day, no interaction with the public, and brief and superficial interaction/contact with supervisors and coworkers, Finding 4, *id*. at 26; that he was capable of performing past relevant work as a flagger, which did not require the performance of work-related activities precluded by his RFC, Finding 5, *id*. at 30; that, alternatively, considering his age (30 years old, defined as a younger individual, on the date his application was filed), education (at least high school), work experience (transferability of job skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 6-9, *id*.; and that he, therefore, had not been disabled since September 5, 2008, the date his application was filed, Finding 10, *id*. at 31.[2] The Decision Review Board selected the decision for review but failed to act within 90 days, *id*. at 14-16, making the decision the final determination of the commissioner, 20 C.F.R. § 405.420(a)(2); *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20

---

[2] The plaintiff's application was filed on September 17, 2008. *See* Record at 149. The error is immaterial.

C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(f)); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(f)); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service* Rulings 1975-1982 ("SSR 82-62"), at 813.

The administrative law judge alternatively reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(g)); *Bowen*, 482 U.S. at 146 n.5; *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's statement of errors also implicates Step 3 of the sequential evaluation process, at which step a claimant bears the burden of proving that his or her impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.920(d)); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairment(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.925(c)(3)). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 405.101 (incorporating 20 C.F.R. § 416.926(a)).

## I. Discussion

The plaintiff seeks reversal and remand on grounds that the administrative law judge (i) failed to consider all relevant, material evidence and (ii) set forth an incorrect alleged onset date of disability. *See* Statement of Errors (Docket No. 17) at [1]-[4]. At oral argument, the plaintiff's counsel acknowledged that an adverse finding as to his first point would be dispositive of his second. I find no error with respect to his first point, a conclusion that, if accepted by the court, would moot his second. Accordingly, I recommend that the court affirm the decision.

The plaintiff did not make crystal clear, in his statement of errors, the legal bases on which he sought reversal and remand for failure to consider all relevant, material evidence. *See id*. at [1]-[3]. At oral argument, his counsel clarified that they consist of alleged error by the administrative law judge in (i) refusing at hearing to admit tardily submitted evidence in the form of a Psychiatric Review Technique Form ("PRTF") completed by psychiatrist James Fine, M.D., and (ii) refusing, subsequent to the issuance of her adverse decision, to reopen that decision on the basis of submission of a subsequent, revised partial PRTF by Dr. Fine.

Counsel for the commissioner stated that he had understood the plaintiff to have raised a claim pursuant to sentence six of 42 U.S.C. § 405(g), which provides, in relevant part: "The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]" 42 U.S.C. § 405(g). He proceeded to argue against reversal and remand on the basis of sentence six or on either of the bases invoked by the plaintiff's counsel.

In an abundance of caution, I have considered all three possible bases for reversal and remand, concluding that none affords the plaintiff the relief that he seeks.

## A. Declination to Admit Tardily Submitted PRTF at Hearing

The commissioner's regulations provide, in relevant part, "[a]ll evidence upon which the administrative law judge relies for the decision must be contained in the record, either directly or by appropriate reference." 20 C.F.R. § 405.360. They also state:

> (a) You should submit with your request for hearing any evidence that you have available to you. Any written evidence that you wish to be considered at the hearing must be submitted no later than five business days before the date of the scheduled hearing. If you do not comply with this requirement, the administrative law judge may decline to consider the evidence unless the circumstances described in paragraphs (b) or (c) of this section apply.
>
> (b) If you miss the deadline described in paragraph (a) of this section and you wish to submit evidence during the five business before the hearing or at the hearing, the administrative law judge will accept the evidence if you show that:
>
> (1) Our action misled you;
>
> (2) You had a physical, mental, educational, or linguistic limitation(s) that prevented you from submitting the evidence earlier; or
>
> (3) Some other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier.

*Id*. § 405.331(a)-(b). A claimant who wishes to submit evidence "after the hearing and before the hearing decision is issued" must not only meet at least one of the three criteria set forth in paragraph (b) but also show "that there is a reasonable possibility that the evidence, alone or when considered with the other evidence of record, would affect the outcome of your claim[.]" *Id*. § 405.331(c).

The plaintiff's hearing before the administrative law judge was scheduled for November 6, 2009. *See* Record at 110. By letter dated October 30, 2009, his counsel made reference to a PRTF of Dr. Fine, stating:

> The [plaintiff] may meet the impairment listing criteria. Dr. James Fine, [the plaintiff's] psychiatrist, has found that [the plaintiff] satisfies the listing criteria for Affective Disorders (12.04) and Anxiety-Related Disorders (12.06) by

5

> Psychiatric Review Technique (New Exhibit filed separately) based on an assessment from 01/01/09 through 10/30/09.

*Id*. at 300. Referencing the "B criteria," counsel elaborated that Dr. Fine had determined that the plaintiff had marked restriction of activities of daily living, marked difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace. *See id*.[3]

At the outset of the plaintiff's November 6, 2009, hearing, his counsel expressed concern that the Fine PRTF did not appear as a record exhibit, stating that his staff had informed him that it had been filed the prior week. *See id*. at 41. The administrative law judge requested both a copy of the document and verification that it had been submitted. *See id*. at 42. Counsel was provided an opportunity to obtain those items, and an off-record discussion ensued, following which counsel admitted that he was unable to provide verification that the form had been filed. *See id*. at 42-43. He explained that his staff had informed him that the PRTF was incomplete, Dr. Fine having failed to fill in the "C criteria" section. *See id*. at 43. The administrative law judge stated:

> And with that then, with no basis that comports with full [40]5[.]331, I'm not going to allow admission of this document. It is from a provider that has provided services for awhile to [the plaintiff] and this person certainly would have been available for submission of such a document within a timely manner and you had represented him for a period of time, which would have allowed of course submission of a timely [document] as well. So for those reasons then, I'm not going to admit the document into evidence[.]

---

[3] "The 12.04 and 12.06 listings . . . consist of paragraph A criteria (a set of medical findings), paragraph B criteria (a set of impairment-related functional limitations) and paragraph C criteria (a set of additional functional limitations)." *Gantt v. Commissioner [of] Social Sec*., 205 Fed. Appx. 65, 66 (3d Cir. 2006) (citation omitted). "The required level of severity for 12.04 affective disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied." *Id*. (citation and internal quotation marks omitted). "The required level of severity for 12.06 anxiety-related disorders is met when the requirements in both A and B are satisfied, or when the requirements in A and C are satisfied." *Id*. (citation and internal quotation marks omitted).

*Id*. In her adverse decision, dated November 25, 2009, the administrative law judge touched on the matter of the Fine PRTF, observing:

> The [plaintiff], through his representative, requested to submit additional written evidence, a psychiatric review technique from James Fine, M.D., at hearing. The undersigned declines to admit this evidence because it was from a provider who has treated the [plaintiff] since October 2008, therefore counsel had ample opportunity to submit such documentation in a timely manner. Counsel also stated that there were no extant circumstances as outlined per the requirements of 20 CFR § 405.331(b) that prevented timely submission of evidence, and as such the parameters of 20 CFR § 405.331(b) are not met.

*Id*. at 20.

The administrative law judge committed no error in declining, at the hearing, to admit Dr. Fine's PRTF. At that time, the plaintiff's counsel made no attempt to argue that the belated admission of that PRTF was warranted on the basis of either exception that he now maintains obtained, that (i) "[o]ur action misled you" or (ii) "[s]ome other unusual, unexpected, or unavoidable circumstance beyond your control prevented you from submitting the evidence earlier." 20 C.F.R. § 405.331(b)(1) & (3).

The plaintiff's counsel later argued in some detail to the Decision Review Board, the administrative law judge in seeking reopening of her adverse decision, and this court that the late-tendered evidence should have been admitted pursuant to section 405.331(b)(1) or (3). However, even had those arguments been made before the administrative law judge at hearing, there would have been no abuse of discretion in a decision not to admit the Fine PRTF.

At oral argument, the plaintiff's counsel contended that his client was "misled" because he received significantly less than the requisite 75 days' notice of the hearing date, which was announced by letter dated October 15, 2009. *See* Record at 110; *see also* Statement of Errors at [1]. However, his client filed a written waiver of his right to a 75-day written notice of the hearing. *See* Record at 139. The plaintiff's counsel acknowledged at oral argument that, at the

7

time of the signing of the waiver, he expected to encounter no difficulties in obtaining a timely PRTF of Dr. Fine. The fact that unforeseen difficulties developed does not demonstrate that the commissioner "misled" the plaintiff in any manner, let alone in such a manner as to prevent the timely submission of the Fine evidence.

At oral argument, the plaintiff's counsel also reiterated, as he had argued to the Decision Review Board and to the administrative law judge in seeking reopening of her adverse decision, that there were "unusual, unexpected, or unavoidable circumstance[s] beyond [the plaintiff's] control prevent[ing] [him] from submitting the evidence earlier." 20 C.F.R. § 405.331(b)(3). *See also* Statement of Errors at [2]-[3].

He noted, *inter alia*, that although Dr. Fine had supplied a PRTF on October 30, 2009, five days before the scheduled hearing, in response to a request for a PRTF first made on October 22, 2009, he and his staff had noticed that the "C criteria" portion had not been completed and promptly resent it to Dr. Fine. *See* Record at 5. He offered two explanations for the failure to timely file the partially completed PRTF:

1. "A partially completed Psychiatric Review Technique was not sent to Social Security on 10/30/09 as it lacked the 'C' criteria and without the 'C' criteria being completed the Psychiatric Review Technique was deficient. [The plaintiff] did not satisfy the 'B' criteria at that time." *Id.*

2. "At hearing, [the plaintiff's counsel] thought that the partially completed Psychiatric Review Technique had been filed timely. . . . Counsel's representation [to the administrative law judge that it had been] was based on his understanding of the instruction given to staff but as it turns out there is an honest misunderstanding between counsel and staff

about the instruction given with staff believing we were going to wait for the completed 'C' criteria before submitting the Psychiatric Review Technique." *Id*. at 6.

The plaintiff's counsel represented to the Decision Review Board, and submitted copies of letters indicating, that despite a number of urgent communications from his office to Dr. Fine's between October 30 and November 6, 2009, his office was unable to procure the completed "C criteria" prior to the day of the hearing. *See id*. at 5-6, 8, 10.

The explanation now proffered, that the document obtained by the plaintiff's counsel five days prior to the hearing was not timely filed because of a miscommunication between counsel and his staff and/or because of a belief that, absent completion of the "C criteria," the document did not support the plaintiff's disability claim, does not demonstrate prevention of timely filing on account of an "unusual, unexpected, or unavoidable circumstance beyond [the plaintiff's or counsel's] control[.]" 20 C.F.R. § 405.331(b)(3).[4]

### B. Refusal To Reopen Decision

The administrative law judge issued her adverse decision on November 25, 2009. *See* Record at 32. The plaintiff appealed that decision to the Decision Review Board, tendering, by letter dated December 14, 2009, a PRTF page containing what the plaintiff's counsel represented were Dr. Fine's revised "B criteria" findings, dated December 11, 2009. *See id*. at 4, 6, 13. In the appended PRTF page, Dr. Fine indicated that the plaintiff had marked restriction of activities of daily living, marked difficulties in maintaining social functioning, and marked difficulties in

---

[4] To the extent that the plaintiff's counsel's office refrained from filing the partially completed October 30, 2009, PRTF on the basis of a perceived need to obtain "C criteria" ratings because the "B criteria" ratings did not support a finding of disability, they were mistaken. For purposes of Listings 12.04 and 12.06, the "B criteria" are met when at least *two* functional areas are markedly impaired. *See* Listings 12.04, 12.06. According to the plaintiff's pre-hearing memorandum, Dr. Fine indicated that there were marked impairments in two functional areas, activities of daily living and social functioning. *See* Record at 300. Thus, his revision of his "B criteria" ratings to add a third area of marked functional impairment made no material difference.

9

maintaining concentration, persistence, or pace, with insufficient evidence of repeated episodes of decompensation. *See id*. at 13.

By letter dated March 8, 2010, the Decision Review Board notified the plaintiff that it did not complete its review of his claim during the 90 days allowed and, therefore, the administrative law judge's decision had become the final decision of the commissioner. *See id*. at 14. The letter advised that the plaintiff had 60 days to file any appeal of that decision to the United States District Court. *See id*. at 14-15.

On or about April 1, 2010, the plaintiff's counsel filed a motion that the administrative law judge reopen and revise her decision for the reasons stated in his December 14, 2009, letter to the Decision Review Board, a copy of which he attached to the motion. *See id*. at 2-3. He stated, *inter alia*, that he believed that the administrative law judge had "not been provided full and sufficient explanation of the circumstances of the problems that arose at hearing relative to Dr. Fine's report" and that the attached December 14, 2009, letter represented his "best effort at explaining those circumstances." *Id*. at 3.

The plaintiff represents, in his Statement of Errors, that the administrative law judge declined to reopen and revise her decision, "stating that it was 'out of her hands[.]'" Statement of Errors at [3]. The record contains no written disposition of the motion to reopen, and it is not clear whether the quoted communication from the administrative law judge was in writing or oral. Yet, the omission of a written disposition, if any, is immaterial. Even if the administrative law judge simply failed to act on the motion, the outcome would be the same.

The administrative law judge committed no error in failing to reopen the claim to consider either the original or the revised PRTF "B criteria" findings. She had no authority to do so. An administrative law judge may consider new evidence submitted after the issuance of his

or her decision only if (i) the claim has not been referred to the Decision Review Board, and (ii) the request has been made no later than 30 days after a claimant has received notice of the decision. *See* 20 C.F.R. § 405.373(a). If, as here, the claim has been referred to the Decision Review Board, that body alone can consider newly submitted evidence. *See id*. § 405.373(d). Moreover, the plaintiff did not file his motion for reopening of the administrative law judge's decision until the Decision Review Board had notified him that it failed to act within the requisite 90 days, rendering the administrative law judge's decision the final decision of the commissioner. As of that time, the plaintiff's only recourse was the taking of an appeal to this court. *See id*. § 405.420(a)(2).

### C. Sentence Six Considerations

As the First Circuit has made clear, reversal and remand for consideration of evidence not presented to an administrative law judge is warranted only if that evidence is new and material *and* the plaintiff demonstrates good cause for its belated submission. *See Mills v. Apfel*, 244 F.3d 1, 5-6 (1st Cir. 2001). The "good cause" standard is a stringent one. *See, e.g., Evangelista v. Secretary of Health & Human Servs.,* 826 F.2d 136, 141 (1st Cir. 1987) ("Congress plainly intended that remands for good cause should be few and far between, that a yo-yo effect be avoided – to the end that the process not bog down and unduly impede the timely resolution of social security appeals."); *see also, e.g., Lisa v. Secretary of Dep't of Health & Human Servs.,* 940 F.2d 40, 45 (2d Cir. 1991) ("Lisa must go beyond showing that the proffered evidence did not exist during the pendency of the administrative proceeding. Rather, she must establish good cause for failing to produce and present the evidence at that time.").

As counsel for the commissioner suggested at oral argument, sentence six provides the only arguable basis on which remand could be warranted as a result of the proffer of Dr. Fine's

11

revised "B criteria" ratings subsequent to the issuance of the administrative law judge's adverse decision. Nonetheless, with respect to Dr. Fine's revised PRTF, the plaintiff cannot meet the stringent "good cause" standard. The plaintiff's counsel had in his possession by October 30, 2009, Dr. Fine's original "B criteria" ratings. Absent a misunderstanding with his staff and/or a misunderstanding of the import of Dr. Fine's ratings, he could have timely submitted that document. Dr. Fine's revised "B criteria" ratings, altering one rating from a moderate to a marked limitation, made no material difference. Furthermore, neither the plaintiff nor Dr. Fine offered any explanation for the intervening change in ratings, and Dr. Fine cited no evidentiary support for the revised ratings or clarified whether they pertained to the plaintiff's status during the relevant time period, the time prior to the rendering of the adverse decision. The plaintiff accordingly does not show "good cause" for reversal and remand on the basis of Dr. Fine's revised "B criteria" ratings.[5]

## II. Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **AFFIRMED**.

---

[5] In any event, it is doubtful that the revised ratings are "material." As counsel for the commissioner pointed out at oral argument, Dr. Fine offered a revised opinion as to a matter reserved to the commissioner, whether the plaintiff met the Listings. He offered no new *facts*. *See Evangelista*, 826 F.2d at 140 ("If a losing party could vault the 'newness' hurdle of § 405(g) merely by retaining an expert to reappraise the evidence and come up with a conclusion different from that reached by the hearing officer, then the criterion would be robbed of all meaning."). The administrative law judge had already taken into account a December 2008 opinion of Dr. Fine that the plaintiff was temporarily unable to work and rejected it on the ground of its inconsistency with Dr. Fine's treatment notes, other mental health records, and the plaintiff's daily activities. *See* Record at 28. She had adopted the "B criteria" findings of a Disability Determination Services ("DDS") nonexamining expert, Lewis F. Lester, Ph.D., who found the plaintiff to have mild restriction of activities of daily living, moderate difficulties in social functioning, and moderate difficulties with concentration, persistence, or pace. *See id*. at 24-25; *see also id*. at 684, 694, 696. There is no reason to believe that consideration of Dr. Fine's revised "B criteria" ratings, for which he offers no explanation, would have altered her decision.

## NOTICE

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 29th day of March, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge